IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, | § § § § | |
| PLAINTIFF | § § § | |
| V. | § § § | CIVIL ACTION NO. 3:26-CV-00051 |
| VITALCORE HEALTH STRATEGIES, LLC f/k/a VIOLA RIGGIN, LLC | § § § | |
| DEFENDANT | § § § § § | |

## UTMB'S FIRST AMENDED COMPLAINT

The University of Texas Medical Branch at Galveston ("UTMB") files this Amended Complaint against VitalCore Health Strategies, LLC f/k/a Viola Riggin, LLC ("VitalCore"), and alleges, upon information and belief, the following:

## SUMMARY OF ACTION

1.      This is an action for breach of contract, or in the alternative, quantum meruit, arising from VitalCore's failure to pay $1,723,699 in outstanding invoices for medical services provided to inmates of the Galveston County Jail on VitalCore's behalf.

2.      VitalCore is a health care consulting company that specializes in correctional health care and cost management. Galveston County contracted with VitalCore to provide health care for inmates under the custody and control of the Galveston County Jail.

3.      In turn, VitalCore entered into a written contract on October 1, 2020 titled "Heath Services Agreement – Inmate Care" with UTMB to provide "inpatient and outpatient health care services to Inmates presented by VitalCore" from the Galveston County Jail.

- 1 -

4.      For approximately four years, this arrangement operated without issue. UTMB would treat the inmates, submit a bill under the agreed pricing structure, and receive payment from VitalCore. Without explanation, Vital Core stopped paying the invoices. To date, Vital Core owes at least $1,723,699 for treatments provided and services rendered to inmates on its behalf.

## PARTIES

5.      The University of Texas Medical Branch at Galveston is an institution of The University of Texas System, an agency of the state of Texas, with its principal place of business in Galveston, Texas. As a political subdivision of the state of Texas, which is not simply the arm or alter ego of the state, it is a citizen of Texas. *Moor v. Alameda County*, 411 U.S. 693, 717-18 (1973).

6.      VitalCore is a foreign limited liability company organized in the State of Kansas with its principal place of business in Topeka, Kansas. For purposes of subject matter jurisdiction, it is a citizen of Kansas because all of its members are citizens of Kansas:

a.      VitalCore has two members: Viola Riggin and Vitalcore Associates, LLC.

b.      Viola Riggin is domiciled within Kansas and is therefore a citizen of Kansas.

c.      Vitalcore Associates, LLC is a foreign limited liability company organized in the state of Kansas with five members: Larry Anderson, Warner Harrison, Viola Riggin, and Lorelei Ammons. All four members are domiciled in Kansas and are therefore citizens of Kansas. Vitalcore Associates, LLC is a citizen of Kansas.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1), which provides subject matter jurisdiction where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

    a. The amount in controversy requirement is met because, at the very least, UTMB seeks $1,723,699 in unpaid amounts for health services rendered to patients on behalf of VitalCore.

    b. Complete diversity exists between the parties because UTMB is a citizen of Texas and VitalCore is a citizen of Kansas. *See supra* ¶¶ 5-6.

8. VitalCore has submitted itself to the jurisdiction of the Court by purposefully directing its activities towards Texas and availing itself of the privileges of conducting activities in Texas, personally or through its agents, with the following intentional acts:

    a. Contracting with counties, municipalities, and other government agencies throughout Texas to provide managed correctional healthcare, consulting, and other administrative services to those entities and Texas inmates in their custody;

    b. Soliciting counties, municipalities, and other government agencies throughout Texas for contracts to provide managed correctional healthcare, consulting, and other administrative services to those entities and Texas inmates in their custody;

    c. Contracting with healthcare providers, doctors, hospitals, pharmacies, laboratories, and other facilities in Texas to provide treatment and care to Texas inmates;

    d. Soliciting healthcare providers, doctors, hospitals, pharmacies, laboratories, and other facilities in Texas for contracts to provide treatment and care to Texas inmates;

e. Soliciting and hiring Texans as "skilled front-line employees," to provide healthcare, consulting, security, and administrative services to its government clients.

9. Jurisdiction is also proper because UTMB's claims arise out of and relate to specific activities conducted by VitalCore within Texas, including but not limited to:

a. Contracting with Galveston County to provide managed healthcare, consulting, and administrative services in Texas;

b. Soliciting Galveston County for a contract to provide managed healthcare, consulting, and administrative services to Galveston County and its inmates located in Texas;

c. Contracting with UTMB in Texas, to provide care and other services in Texas, to inmates located in Texas;

d. Soliciting UTMB for a contract to provide treatment and care to Texas inmates;

e. Soliciting and hiring Texans as "skilled front-line employees," to provide treatments and perform services pursuant to its Texas contracts to provide treatments and services to inmates located in Texas; and

f. Refusing to pay for treatments provided and services rendered to inmates on VitalCore's behalf in Galveston County, Texas.

10. Venue is proper in the Southern District of Texas because a substantial part of the events giving rise to UTMB's claims occurred in Galveston County. These events include all of the activities listed in Paragraphs 10(a)-10(f) above.

11.     In addition, venue is also proper because the contract between UTMB and VitalCore contains a valid forum selection clause stating that "Texas shall be the proper venue" for any disputes arising out of the agreement.

## **FACTUAL BACKGROUND**

12.     VitalCore is a healthcare consulting firm that specializes in providing healthcare, consulting, cost management, and administrative services to correctional facilities. VitalCore claims to have "improved and advanced the field of correctional healthcare," and does "whatever it takes to care for our patients and better serve our partners by doing the right thing the first time."[1]

13.     VitalCore puts its "expertise and energy where it matters most," including "smart cost management," and the delivery of "quality healthcare services" on a "lean budget." *Id.*

14.     VitalCore entered into an agreement with Galveston County to "arrange for inpatient and outpatient health care services" for inmates detained in the Galveston County Jail.

15.     Upon information and belief, VitalCore also contracted to provide other healthcare, consulting, cost management, and administrative services to Galveston County.

16.     For more than 130 years, UTMB has provided inpatient and outpatient health care services to the community in Galveston County, including by operating the Galveston Campus, which includes the John Sealy Hospital, Jennie Sealy Hospital, and the UMTB Health Children's Hospital.

17.     Seeking to "arrange for UTMB to provide inpatient and outpatient health care services" to those inmates covered by its agreement with Galveston County, VitalCore entered

---

[1] VitalCore Health Strategies, *About*, WWW.VITALCOREHS.COM, https://vitalcorehs.com/about-us#:~:text=VitalCore%20Health%20Strategies%20(VCHS)%20has,right%20thing%20the%20first%20time (last visited January 30, 2026).

into a separate contract with UTMB titled "Health Services Agreement – Inmate Care." The Health Services Agreement had an effective date of October 1, 2020.

18.     Under the Health Services Agreement, UTMB agreed to "provide such inpatient and outpatient healthcare services to Inmates presented by VitalCore," and VitalCore agreed "to accept and provide payment for such services from UTMB."

19.     UTMB's responsibilities under the Health Services Agreement included: (1) submitting claims within thirty (30) days of the service provided to the inmate(s) and (2) "accept[ing] payment from VitalCore" for services provided to the inmates according to amounts specified in Exhibit 1 of the Health Services Agreement.

20.     VitalCore's responsibilities under the Health Services Agreement included: (1) coordinating with UTMB to schedule all non-emergency services provided to inmates; (2) coordinating with Galveston County to arrange and provide for appropriate transportation and security for the entire "Inmate encounter" at UTMB; and (3) remitting payment to UTMB for services provided to the inmates within thirty (30) days of receipt of UTMB's claim for payment.

21.     VitalCore and UTMB agreed that the relationship between them was strictly that of independent contractors, and that they did not create a joint venture, partnership, or other entity in any capacity.

22.     The Health Services Agreement specified that the laws of the state of Texas shall govern in any dispute concerning the rights of the parties, and that Texas shall be the proper venue for such dispute.

23.     Under the terms of the Health Services Agreement, either Party could have terminated the Agreement by giving thirty (30) days' prior written notice of termination to the other party. During the relevant period, neither VitalCore nor UTMB gave such a written notice.

24. The Health Services Agreement provides for a one (1) year term from the Effective Date, which may be "extended by written mutual agreement of the parties."

25. Notwithstanding the expiration of the Health Services Agreement on October 1, 2021, VitalCore and UTMB continued to operate under its terms. In particular:

a. VitalCore continued to arrange for inpatient and outpatient health services for inmates detained in the Galveston County Jail;

b. VitalCore continued to "present" patients for these services;

c. VitalCore continued to coordinate with Galveston County to arrange and provide for appropriate transportation and security for inmate encounters at UTMB;

d. UTMB continued to provide treatments and services to inmates on behalf of VitalCore;

e. UTMB continued to submit timely invoices for payment pursuant to the terms of the Health Services Agreement; and

f. For a time, VitalCore continued to remit payment to UTMB for the services rendered and treatments provided to inmates on its behalf.

26. During this arrangement, UTMB provided services and treatments to approximately 1,003 patients presented by VitalCore across 10,032 encounters with dates of service ranging January 1, 2021 to August 15, 2025.

27. By early 2025, VitalCore had stopped paying invoices submitted by UTMB in violation of the Health Services Agreement.

28. On May 6, 2025, VitalCore notified UTMB that it would resolve the outstanding amounts owed by making weekly payments of approximately $100,000 until the balance was paid off.

29.    Yet, after making only three payments, VitalCore stopped paying on the outstanding balances owed to UTMB.

30.    To date, VitalCore owes at least $1,723,699 in unpaid invoices for treatments provided and services rendered to inmates on its behalf. These sums were calculated according to the agreed pricing structure in Exhibit 1 of the Health Services Agreement.

31.    All conditions precedent to UTMB's claim for relief have been performed and/or have occurred.

**BREACH OF CONTRACT**

32.    UTMB incorporates the preceding paragraphs as if fully set forth herein.

33.    There is a valid, subsisting, and enforceable contract between VitalCore and UTMB, namely the Health Services Agreement.

34.    UTMB fully performed all of its obligations under the Health Services Agreement, including timely submitting invoices for payment, and is entitled to payment under the Health Services Agreement.

35.    UTMB and VitalCore extended the Health Services Agreement through the course of performance between the parties, including by continuing to operate under its terms for years, treating hundreds of patients during thousands of encounters.

36.    VitalCore breached the Health Services Agreement, including, without limitation, by wrongfully failing to pay invoices submitted by UTMB within 30 days as required by the Health Services Agreement.

37.    In the alternative, VitalCore and UTMB formed an implied-in-fact contract with the same terms as the Health Services Agreement. By continuing to arrange for services and treatments for inmates, presenting those inmates, and coordinating for transportation and security,

VitalCore extended an implicit offer to UTMB. By providing treatments and services to the inmates, and by timely submitting its invoices in the amounts set out in the Health Services Agreement, UTMB accepted VitalCore's offer. The course of conduct between the parties—which spanned several years, during which both sides fully performed under the contract—demonstrates a meeting of the minds, consent to the terms of this agreement, and intent that it be mutual and binding.

38.   In the alternative, VitalCore breached the implied-in-fact contract including, without limitation, by wrongfully failing to pay invoices submitted by UTMB within 30 days.

39.   VitalCore failed to remit at least $1,723,699 to UTMB as required by the Health Services Agreement and/or an implied-in-fact contract.

40.   As a direct and proximate result of VitalCore's breach of the Health Services Agreement and/or an implied-in-fact contract, UTMB has been damaged in an amount not less than $1,723,699 in unpaid amounts, not including interest, costs and fees, as well as continuing damages due to VitalCore's breach.

## **QUANTUM MERUIT**

41.   In the alternative, even if there is not an enforceable agreement between UTMB and VitalCore, UTMB is still entitled to recovery under the doctrine of quantum meruit.

42.   VitalCore requested, by words or conduct, including but not limited to presenting inmates for treatment, that UTMB perform services for the benefit of VitalCore.

43.   UTMB provided valuable treatments and services to inmates on behalf of VitalCore of at least $1,723,699 as requested.

44.   These treatments and services were made on behalf of VitalCore to satisfy VitalCore's obligations under its contract with Galveston County.

45.     VitalCore knowingly accepted these services by routinely arranging for treatments and services to be provided to inmates at UTMB, arranging for their transport to UTMB, and promising to provide payment to UTMB on their behalf.

46.     As a result of the ongoing course of dealing between the parties, and the invoices submitted by UTMB to VitalCore, VitalCore had reasonable notice that UTMB expected compensation for providing the treatments and services to inmates on VitalCore's behalf.

47.     VitalCore has not paid UTMB for the services performed as requested in at least the amount of $1,723,699.

48.     UTMB is, therefore, entitled to damages in an amount not less than $1,723,699 in unpaid amounts, not including interest, costs and fees, as well as continuing damages due to VitalCore's breach.

## JURY DEMAND

49.     UTMB requests a trial by jury on all contested issues of fact.

## PRAYER

UTMB requests that Vital Core be cited to appear and answer, that on final hearing UTMB has judgment against Defendants for all compensatory damages, together with prejudgment and post-judgment interest as provided by law, reasonable attorneys' fees, and costs of court. UTMB also requests such other and further relief to which it is entitled.

Dated: February 27, 2026

NORTON ROSE FULBRIGHT US LLP

By:  */s/ Peter C. Tipps*
Peter C. Tipps
State Bar No. 24070748
Fed No. 1070319
Peter.Tipps@nortonrosefulbright.com
Victoria Bliss
State Bar No. 24136721
Fed No. 3947778
victoria.bliss@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**ATTORNEYS FOR THE UNIVERSITY OF TEXAS MEDICAL BRANCH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 27th day of February, 2026, the foregoing document was served on all counsel of record via electronic filing in accordance with the Texas Rules of Civil Procedure.

/s/ *Victoria Bliss*
Victoria Bliss