IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Plaintiff, | § § § § | |
| VS. | § § | Civil Action No. 3:26-CV-00051 |
| VITALCORE HEALTH STRATEGIES, LLC f/k/a VIOLA RIGGIN, LLC Defendant. | § § § § | |

## DEFENDANT VITALCORE HEALTH STRATEGIES, LLC'S ANSWER

COMES NOW Defendant VitalCore Health Strategies, LLC ("VitalCore" herein) and files this its Answer to Plaintiff's First Amended Complaint, and in support thereof, respectfully shows the Court the following:

## ANSWER

1. Answering Summary of Action paragraphs and numbered paragraphs 1-4, VitalCore denies all of the allegations contained therein, generally and specifically, and puts Plaintiff to its strict proof therein.

## PARTIES

2. Answering paragraph 5, VitalCore lacks the information and knowledge sufficient to form a belief about the truth of the allegations in this paragraph related to the residence of Plaintiff and denies each of them, generally and specifically, according to Federal Rules of Civil Procedure 8(b)(5).

3. Answering paragraph 6, VitalCore admits that it is a foreign Defendant, it is organized in the state of Kansas with its principal place of business in Topeka, Kansas. VitalCore otherwise denies the remaining allegations pursuant to Federal Rules of Civil Procedure 8(b)(5), generally

and specifically, and any inference sought to be drawn therefrom, and puts Plaintiff to its strict proof thereon.

**JURISDICTION AND VENUE**

4. Answering paragraph 7, VitalCore admits the subject matter in controversy is within the jurisdictional limits of the United States District Court for the Southern District of Texas Galveston Division. However, VitalCore denies that the amount stated by UTMB is correctly stated.

5. Answering Paragraphs 8-11, VitalCore admits that the United States District Court for the Southern District of Texas Galveston Division is the proper venue for the alleged action.

**FACTUAL BACKGROUND**

6. Answering paragraphs 12-20, VitalCore denies all of the allegations contained therein, generally and specifically, and puts Plaintiff to its strict proof therein.

7. Answering paragraphs 21-22, VitalCore avers the allegation contained therein constitutes a legal conclusion which need not be admitted or denied, but to the extent the court requires a response, denies each of them, generally and specifically according to Federal Rules of Civil Procedure 8(b)(5) and any inference sought to be drawn therefrom and puts Plaintiff to its strict proof thereon.

8. Answering paragraphs 23-31, VitalCore denies all of the allegations contained therein, generally and specifically, and puts Plaintiff to its strict proof therein.

**CAUSES OF ACTION**

9. Answering paragraphs 32-40, VitalCore avers the allegations contained therein constitute legal conclusions which need not be admitted or denied, but to the extent the court requires a

response, denies each of them, generally and specifically according to Federal Rules of Civil Procedure 8(b)(5) and any inference sought to be drawn therefrom and puts Plaintiff to its strict proof thereon.

10. Answering paragraphs 41-48, VitalCore avers the allegations contained therein constitute legal conclusions which need not be admitted or denied, but to the extent the court requires a response, denies each of them, generally and specifically according to Federal Rules of Civil Procedure 8(b)(5) and any inference sought to be drawn therefrom and puts Plaintiff to its strict proof thereon.

## JURY DEMAND

11. Answering paragraph 49, VitalCore agrees that a jury demand has properly and timely been plead by the Plaintiff.

## PRAYER

12. Answering prayer paragraph, VitalCore avers the allegations contained therein constitute legal conclusions which need not be admitted or denied, but to the extent the court requires a response, denies each of them, generally and specifically according to Federal Rules of Civil Procedure 8(b)(5) and any inference sought to be drawn therefrom and puts Plaintiff to its strict proof thereon.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof or admitting that VitalCore has any burden of proof, VitalCore hereby asserts the following affirmative defenses as to each and every cause of action upon which relief may be granted:

### FIRST AFFIRMATIVE DEFENSE

1. Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of

accord and satisfaction. Prior to the commencement of this action, the parties entered into a valid and enforceable agreement resolving the matters alleged in the Complaint. Defendant fully performed all obligations required under that agreement, and Plaintiff accepted the performance as full and final satisfaction of the disputed claim(s). Accordingly, Plaintiff is precluded from pursuing the present claims.

## SECOND AFFIRMATIVE DEFENSE

2. Defendant alleges that UTMB failed to fulfill its contractual obligations in a material way and therefore VitalCore's obligations to pay under the contract should be excused.

## THIRD AFFIRMATIVE DEFENSE

3. Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, or failure to exercise reasonable care in mitigating Plaintiff's damages.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

## JURY DEMAND

Defendant hereby exercises Defendant's right to demand a trial by jury under Rule 38 of the Federal Rules of Civil Procedure on all issues triable by a jury.

Respectfully submitted,

Gordon Rees Scully Mansukhani

B y :   /s/ *Taylor Yetter*
**CHRISTOPHER C. EGE**
State Bar No. 24029532
cege@grsm.com
**TAYLOR R. YETTER**
State Bar No. 24102672
tyetter@grsm.com

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 391-0197
(512) 391-0183 (Fax)

**ATTORNEYS FOR
DEFENDANT VITALCORE
HEALTH STRATEGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 24th day of March, 2026.

Peter C. Tipps
Peter.tipps@nortonrosefulbright.com
Victoria Bliss
Victoria.bliss@nortonrosefulbright.com
Norton, Rose, Fulbright US, LLP
1550 Lamar St., Suite 2000
Houston, Texas 77010-3095
Phone: (713) 6511-5151

/s/ *Taylor Yetter*
**TAYLOR YETTER**